**Carmelita Punzalan DE JESUS, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 00–70200.**

**INS No. A71–951–244.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 23, 2001.[1]

Decided April 17, 2001.

Before WALLACE, SNEED, and SKOPIL, Circuit Judges.

MEMORANDUM[2]

Carmelita Punzalan De Jesus, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of her appeal from an immigration judge's (IJ) denial of her application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) because the new provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 does not apply to De Jesus whose deportation proceedings commenced before April 1, 1997. We deny the petition.

Because the BIA conducted its own review of the record, we review the decision of the BIA under the substantial evidence standard. *See Singh v. INS,* 134 F.3d 962, 966 (9th Cir.1998). We uphold the BIA's decision unless the evidence compels a con-

---

1. The panel unanimously find this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

628

trary result. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Substantial evidence supports the BIA's determination that De Jesus failed to establish past persecution on account of political opinion. She was not touched, robbed, imprisoned, forcibly recruited, detained, interrupted, or trespassed upon. *See Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000). We need not consider whether she established a subjective fear of future persecution because there is substantial evidence supporting the BIA's determination that De Jesus failed to demonstrate an objectively reasonable fear of future persecution based on political opinion. *See Cuadras v. INS,* 910 F.2d 567, 571–72 (9th Cir.1990).

Because De Jesus failed to satisfy the standard for asylum, she necessarily failed to satisfy the more rigorous standard for withholding of deportation. *See Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

PETITION FOR REVIEW DENIED.